THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Theresa Discher

| | |
|---|---|
| **THERESA DISCHER,** | UNITED STATES DISTRICT COURT |
| | DISTRICT COURT OF NEW JERSEY |
| | TRENTON |
| Plaintiff | |
| **vs.** | Civil Action No.:     (  -  ) |
| **CITY OF TRENTON;** | |
| **JASON C. ASTBURY,** | |
| **TARA DZURKOC,** | |
| **SAMUEL GONZALEZ,** | |
| and | |
| **JOHN DOES 1-5** (fictitious individuals), | **COMPLAINT** |
| members of the City of Trenton Police | |
| Department; | |
| **ERNEST PARREY, JR.** Police Director; | |
| and **JOHN DOES 6-10** (fictitious individuals), | |
| Personnel of the City of Trenton | |
| Police Department in supervisory | |
| capacities; | |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Theresa Discher residing at 562 North Clinton Ave., Apt. B, Trenton, NJ, 08638, Mercer County, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Jason T. Astbury; Tara Dzurkoc; Samuel Gonzalez, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the City of Trenton Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the City of Trenton and were acting under the color of law.

4. Defendants Police Director Ernest Parrey, Jr. and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the City of Trenton Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of City of Trenton and were acting under the color of law.

5. Defendants Police Director Ernest Parrey, Jr. and/or John Does 6-10 were acting in supervisory capacities over Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5.

6. Defendant City of Trenton is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant City of Trenton employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Ernest Parrey; Jason T. Astbury; Tara Dzurkoc; Samuel Gonzalez; and/or John Does 1-10.

8. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On 5/6/16, Plaintiff Theresa Discher was in her residence when Defendants Dzurkoc; Astbury; Gonzalez, and/or John Does 1-5 arrived and demanded entrance to her home to investigate the kidnapping of her friend's daughter.

2. Plaintiff opened the door and was blinded by Defendants' flashlights.

3. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 pointed their firearms directly at Plaintiff and yelled at her to "freeze" and raise her arms.

4. Plaintiff raised her arms as instructed.

5. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 entered the residence and used excessive and unreasonable force on her person by tackling her to the floor and forcibly twisting and bending her right arm, causing a severe dislocation of Plaintiff's elbow. Defendants also injured Plaintiff's right wrist by handcuffing her in an excessive and forceful manner.

6. Plaintiff was charged with Obstructing the Administration of Law; Resisting Arrest; Kidnaping, and Endangering the Welfare of a Child.

7. The criminal charges brought against Plaintiff were resolved by way of Plaintiff pleading guilty to Obstructing the Administration of Law.

8. As a result of Defendants' use of excessive and unreasonable force on her person Plaintiff sustained bodily injuries and medical expenses.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

4. By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Jason T. Astbury; Tara Dzurkoc; Samuel Gonzalez, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 were City of Trenton Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5.

4. The unjustified assault and arrest of Plaintiff by Defendants Astbury; Dzurkoc;

Gonzalez, and/or John Does 1-5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Jason T. Astbury; Tara Dzurkoc; Samuel Gonzalez, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT THREE
### SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Parrey and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3. Defendants Parrey and/or John Does 6-10 had a duty to prevent subordinate officers Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Parrey and/or John Does 6-10 either directed Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 to violate Plaintiff's constitutional rights or had

5

knowledge of and acquiesced in his/their subordinate's violations.

5. Defendants Parrey and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Trenton Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6. By reason of the above Plaintiff was deprived of her constitutional rights, sustained bodily injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Parrey and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT FOUR
### SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE
### INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants City of Trenton, City of Trenton Police Director Ernest Parrey, Jr. and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the City of Trenton Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

3. Defendants Parrey and/or John Does 6- 10 are responsible for training police officers in the use of force and/or were officers in charge when Plaintiff Theresa Discher was assaulted and arrested.

4. At all times mentioned herein, Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1- 5, as police officers, agents, servants and/or employees of Defendant City of Trenton, were acting under the direction and control of Defendants City of Trenton Police Department, Parrey and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the City of Trenton Police Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Parrey and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

6. Acting under color of law pursuant to official policy, practice, or custom, Defendants City of Trenton, Parrey and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants City of Trenton, Parrey and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police

7

misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7. Defendants City of Trenton, Parrey and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of City of Trenton Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8. Defendants City of Trenton, Parrey and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Astbury; Dzurkoc; Gonzalez; John Does 1-10, and/or other City of Trenton Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

9. Despite their awareness, Defendants City of Trenton, Parrey and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Astbury; Dzurkoc; Gonzalez; John Does 1-10, and/or other City of Trenton Police Officers.

10. Defendants City of Trenton, Parrey and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Parrey; Astbury; Dzurkoc; Gonzalez, and/or John Does 1-10 on a continuing basis,

should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants City of Trenton, Parrey and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12. Defendants City of Trenton, Parrey and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-10 heretofore described.

13. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her Fourth and Fourteenth Amendment constitutional rights; sustained bodily injuries, medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants City of Trenton, Arthur Parrey and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**SUPPLEMENTAL STATE LAW CLAIMS**</u>

<u>**COUNT FIVE**</u>
<u>**VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)**</u>

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used and failure to intervene by Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5, set forth at length above, deprived plaintiff of her substantive

due process right to be free from unlawful seizure of her person and her fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Jason T. Astbury; Tara Dzurkoc; Samuel Gonzalez, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SIX
## ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 were acting within the scope of their employment as City of Trenton police officers.

3. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring her without justification and/or by putting her in reasonable apprehension of serious and imminent bodily harm.

4. The assault and battery committed by Defendants was contrary to the common law of the State of New Jersey.

5. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical injuries; medical expenses; pain and suffering, and will suffer additional special

damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### COUNT SEVEN
### NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 were acting within the scope of their employment as City of Trenton police officers.

3. Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 had a duty to the Plaintiff to not expose her to an unreasonable risk of injury.

4. Through the acts and omissions set forth at length above, Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5 breached that duty.

5. The acts and omissions of the Defendants were in violation of the common law of the State of New Jersey.

6. As a direct and proximate result of their breach of duty to plaintiff, she was caused to suffer significant and permanent physical injury; medical expenses; pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Theresa Discher demands judgment against Defendants Astbury; Dzurkoc; Gonzalez, and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any

such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: October 23, 2017                                         */s/ Thomas J. Mallon, Esquire*
                                                                **THOMAS J. MALLON, ESQUIRE**